JACOB BLUM, DEFENDANT IN ERROR, v. PARSON MANUFACTURING COMPANY, PLAINTIFF IN ERROR.

Submitted July 8, 1910—Decided November 14, 1910.

The plaintiff conveyed a tract of land to the defendant, and in his deed reserved certain easements upon condition that their user be approved by a third person not a party to the deed. At the same time, and as a part of the same transaction, the defendant conveyed to plaintiff an adjoining tract, and in its deed granted to the plaintiff the same easements in the land conveyed by plaintiff to defendant as those reserved, without being made subject to the condition attached to the reservation. *Held*—

(1) That defendant's grant was a waiver of the performance of the condition to which the reservation was subjected.

(2) That, assuming the deeds were executed and delivered at the same time and as a part of the same transaction, the law will presume that they were delivered in the order of priority necessary to give effect to the intention of the parties.

---

On error to the Union County Circuit Court.

For the plaintiff, defendant in error, *Chauncey G. Parker.*

For the defendant, plaintiff in error, *Hartshorne, Insley & Leake.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff and defendant owned adjoining lands bounding on parallel streets, the plaintiff's on Broadway, and the defendant's on Livingston street, in the city of Elizabeth. The Central Railroad Company of New Jersey owns and operates a railway along Broadway, from which there was a switch and side track running upon a low trestle over plaintiff's land used for carrying on a coal business, from which he unloaded coal from cars put there by the railroad company. This trestle or switch did not extend to the division line between the lands of the plaintiff and defendant, and in order to make the switch available to the lot then owned by defendant, and which was subsequently conveyed to plaintiff, it was required that it be extended to and beyond the boundary line. The respective owners agreed to exchange properties and by the terms of the grant in defendant's deed of conveyance of its property to plaintiff, and the reservation in plaintiff's deed to defendant, the plaintiff was to have a permanent right of way over the switch and the land conveyed to defendant, with the right to extend the switch or trestle over the land conveyed to the defendant to and upon the land conveyed to plaintiff so that loaded coal cars might be delivered to him from the railroad over the switch and trestle and across the lot fronting on Broadway in order that he might conveniently carry on his coal business which he expected to remove to the tract conveyed to him. These rights as reserved in plaintiff's deed were, it is claimed, made subject to a condition which does not appear in defendant's deed granting an easement in the same land, and the question is, does the condition in the reservation control or modify the grant. The plaintiff, by his deed bearing date February 15th, 1906, acknowledged February 26th, 1906, conveyed to the defendant his land on Broadway, and by a

deed bearing the same date and acknowledged the same day the defendant conveyed to the plaintiff its tract of land on Livingston street, which latter deed granted to the plaintiff "a permanent right of way for the unloading of coal by or from such railroad cars as can be contained upon a certain trestle to be located upon the premises conveyed, said right of way to be over a switch and trestle now located upon land of the party of the first part, and a continuation of the same to the westerly line of its premises. The said right of way to exist over a tract ten feet in width, the center line of which is described as follows:" Then follows a description of the right of way granted, beginning in the westerly line of Broadway and running westerly "on a curve to the left * * * to the westerly line of the premises of the party of the first part." This conveyance also granted to the plaintiff the right to continue the building of the trestle from its end as then existing to the westerly line of the premises conveyed to the defendant by plaintiff along the right of way as described, but when erected, at the expense of the plaintiff, the trestle should belong to the defendant. The defendant in this conveyance also agreed that if the plaintiff desired to alter the grade of the switch he should have the right to do so at his own expense without objection or interference by the defendant, subject to a proviso not of importance in this cause. It was further agreed that in case the location of the track and trestle on the premises of the defendant should be altered or relocated by the requirements of the railroad company, the right of way of the plaintiff should attach to the new location. Following these stipulations and conditions the deed proceeds as follows: "It is understood and agreed between the parties hereto that if said trestle grade is to be changed this shall be done and completed on or before July 1st, 1906, and thereafter not altered, and that due consent of the Central Railroad Company of New Jersey shall be obtained to all of the proposed change *if necessary,* failing which no alteration of the present switch is to be made."

The defendant having refused the plaintiff the right to extend the trestle according to the covenant in this deed, the

plaintiff brought his suit, and at the close of the case the trial court directed the jury that the defendant had broken the covenant contained in its deed by its refusal to allow the plaintiff to use "that trestle over to his coal yard which he afterwards located on his property on Livingston street," and that the only question to be submitted was that of damages. To this defendant excepted, and has assigned error thereon.

The declaration in the cause is based upon the deed from the defendant to the plaintiff, and sets out the covenants above referred to, and avers that the defendant, after the making thereof, and with the intention of refusing to permit the plaintiff to use his rights to and over the said right of way, and of preventing the plaintiff from conducting said business of selling and delivering coal, obstructed the said right of way with a substantial brick building. The undisputed proof is that the defendant did erect such building and thereby deprive the plaintiff of, as described in the deed, "a permanent right of way * * * said right of way to be over a switch track and trestle now located upon land of the party of the first part and a continuation of the same to the westerly line of its premises."

It is urged by the defendant that the grant contained in this deed is, according to its terms, not effective without the approval of the railroad company, which, it is admitted, has not been obtained. But this argument, if based upon this deed, is without foundation, because so much of it as refers to the approval of the railroad company only applies to a change in the grade of the trestle, which was one of the things the defendant agreed the plaintiff might do if he desired, but which he had not desired or attempted. The condition of this deed is that if the trestle grade is to be changed, it shall be done before July 1st, 1906, and not thereafter altered, and that the approval of the Central Railroad Company of New Jersey shall be obtained to the proposed change, if necessary, "failing which no alteration of the present switch is to be made." There is no ambiguity in this clause of the deed, and the approval of the railroad company

of the proposed change, if necessary, clearly refers to a change in the grade of the trestle or other alterations which relates to its connection with the railway of the railroad company, and if the consent cannot be obtained and the change made before a day agreed upon, then the switch or trestle is not to be altered. So if the plaintiff's rights are determined according to the terms of the defendant's deed to him it is quite clear that the use of the right of way and switch over the defendant's land does not depend upon the approval of the railroad company, and that the action of the defendant in preventing its use by the plaintiff was a breach of the covenants contained in defendant's deed to plaintiff, and if this was the situation of the case at its close the trial court properly disposed of it.

The defendant, however, claims that the deed given by the plaintiff to the defendant for the land on Broadway was a part of the same transaction, and as the two deeds were executed and delivered simultaneously in carrying out an exchange of property, they should be read together as one deed. In the deed made by the plaintiff the same rights granted by the defendant in its deed were reserved, but made to depend upon the approval of the railroad company, and it is urged that such approval not being obtained, the condition upon which the reservation would become effective failed, and therefore the plaintiff took no rights under the reservation, and that the grant did not avoid the condition contained in the reservation. It is true that where only part of a contract between parties is expressed in one instrument, and the remaining part appears in another, they may and ought to be read together, provided they refer to the same transaction, to show either the whole contract partly expressed in each, or expressed in one and not in the other, or to explain the meaning of an ambiguous sentence in either, but while we do not think the grant made by the defendant to the plaintiff is ambiguous, or fails to state the entire contract intended to be made by the defendant when it made its deed, it is not necessary to determine that question, for the defendant cannot prevail if both deeds be read together. The con-

tention of the defendant is that the entire reservation by the plaintiff of an interest in the land which he conveyed to it, is subject to the approval of the railway company, and therefore the subsequent grant by the defendant is limited and controlled by the terms of the reservation which is not as extensive as the grant. If the reservation had been broader than the grant a different question would be presented, but where admittedly the estate reserved in one deed is less than that which the owner afterwards grants out of the same lands to the person making the reservation, there is no reason why the covenant shall be read more in the grantor's favor than its terms clearly indicate, simply because the language used in the reservation is less extensive than that contained in the grant. In the deed by the plaintiff to the defendant certain reservations were made which are substantially a counterpart of those contained in the grant by the defendant to the plaintiff, the only difference of any moment being in that part which refers to the approval of the railroad company, which is in these words, "and it is understood and agreed that alterations and extensions of said trestle shall be at the sole expense of the party of the first part and that such alterations, extensions or relocation of the same shall be subject to the approval of the Central Railroad Company of New Jersey, or its successors," and the claim of the defendant is that under this clause all alterations, extensions or relocations are subject to the approval of the railroad company, and that the word "extensions" refers to the lengthening of the trestle so that it may reach the land conveyed by the defendant to the plaintiff, and therefore as the approval of the railroad company has not yet been secured the plaintiff has no right to make that extension. If this be the correct construction of the reservation, and the deeds are to be read as one, it is manifest that the deed contains two inconsistent and repugnant conditions. In the grantor's deed the approval of the railroad company is to be obtained, if necessary, for any change in the grade of the trestle, but not for the use of the right of way, or such extension of the switch or trestle necessary to make that use effective, while in the other no

part of the rights reserved are usable without the approval of the railroad company. Although these deeds were admittedly executed and delivered at the same time, and as a part of the same transaction, the law will presume that they were executed and delivered in the order of priority necessary to give effect to the intention of the parties, therefore it will be presumed that the deed of the plaintiff to the defendant was first executed and delivered, otherwise the defendant would have had no title out of which to grant a permanent right of way over the land to the plaintiff. *Taylor* v. *Atkyns et al.*, 1 *Burr.* 60, 106. The clear intention of the parties to be gathered from these two instruments is that the plaintiff was to have this permanent right of way over the land which he had conveyed to the defendant, as well as the use of the trestle, for a convenient method of transferring his coal from the railroad to the lands which the defendant had conveyed to him, and this the defendant granted without subjecting it to the approval of the railroad company. If the reservation is inconsistent with, or repugnant to, the grant by the owner, the grant defines the estate granted, and it will not be cut down by a previous reservation of a lesser estate, for the owner may grant a larger estate than was reserved and part with such additional estate as he chooses to convey in excess of the reservation. Therefore if the reservation be held to apply to the extension of the trestle and to subject that right to the approval of the railroad company, that condition was extinguished by the deed of the defendant, for the deed must be construed most strongly against the grantor. If these deeds be read together we have a clear unambiguous grant by the defendant as grantor, which it is sought to qualify by a reservation contained in a prior deed by the present grantee to the grantor, and as the reservation is repugnant to the grant, the grantor cannot avail himself of it as a limitation of his subsequent grant, but will be held to have waived the condition for his benefit contained in the deed of reservation.

There was no error in the action of the trial court in holding that the covenant contained in the deed of the defendant to the plaintiff had been broken by the defendant, and

that the grant by the defendant of the right of way and of the authority to extend the trestle was not subject to the approval of the railroad company.

The defendant also assigns for error the exclusion of certain evidence, the first contention being that the trial court ought to have admitted in evidence the written agreement between the parties for the exchange and sale of the respective properties. We think that this contract was properly excluded, for there is nothing in the case appearing in the record which requires us to disregard the well-established rule that the law presumes that a. deed made and accepted in fulfillment of an executory contract fully expresses the final intentions of the parties as to so much of the contract as it purports to execute. *Davis* v. *Clark,* 18 *Vroom* 338. The contract in this case was offered "as throwing light upon the construction of these deeds in respect to the covenants that are sued upon in this case." There is no difficulty in construing these deeds, and the presumption is that the final determination of the parties is merged in the deeds.

It is also urged that there was error in excluding the correspondence between the defendant and the superintendent of the railroad company, and also a letter from the superintendent to the plaintiff, upon the ground that they tended to show the circumstances leading to the refusal of the railway company's consent to extend the switch. As it was admitted that the railroad company had refused to approve the proposed extension the exclusion of the letters was harmless, and this also applies to the exclusion of the testimony of the witnesses tending to show the reason of the railroad company for refusing its consent.

No harmful error appearing in the record, the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, BOGERT, VREDENBURGH, VROOM, CONGDON, JJ.   10.

*For reversal*—SWAYZE, VOORHEES, MINTURN, JJ.   3.